IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE

| | | |
|---|---|---|
| JOHN F. CAREY, | ) | |
| | ) | |
| Plaintiff | ) | 1:25-CV-00069-SPB |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| JOSEPH SANTOS, "J" BLOCK UNIT | ) | |
| MANAGER; TAYLOR THARP, "J" | ) | MEMORANDUM ORDER ON |
| BLOCK COUNSELOR; AND STEVEN | ) | DEFENDANTS' MOTION TO |
| SOLIWODA, CCPM, | ) | CONSOLIDATE CASES |
| | ) | |
| Defendants | ) | RE: ECF NO. 25 |

Before the Court is Defendants' motion to consolidate this action, Case No. 1:25-cv-00069, with Case No. 1:25-cv-00052. ECF No. 25. For the following reasons, the motion will be GRANTED.

I.     Background

Plaintiff John F. Carey ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution in Albion ("SCI-Albion"). Plaintiff brings Case No. 1:25-cv-00069 against three employees at SCI-Albion, Defendants Joseph Santos, Taylor Tharp, and Steven Soliwoda. The Complaint alleges that Defendants failed to provide any mental health treatment groups to the Special Needs Unit ("SNU") where Plaintiff was housed. *See* ECF No. 18, *generally*. Plaintiff asserts that this denial constituted deliberate indifference to this serious medical need and exacerbated his mental health conditions in violation of his Eighth Amendment rights. *Id.*

Plaintiff brings Case No. 1:25-cv-00052 against Defendant Soliwoda and SCI-Albion for alleged violations to his Fourteenth Amendment and Eighth Amendment

rights, as well as under Pennsylvania state tort law. Plaintiff asserts that between January 9, 2023 and April 1, 2024 he was housed in the SNU. While in the SNU, Plaintiff was limited to jobs on his block and was not provided with access to the restroom and drinking fountain in the yard, which remains accessible to inmates housed in general population. *See* ECF No. 39, p. 2. Plaintiff further alleges that while housed in the SNU he was required to work as an SNU aid assisting a severely physically disabled inmate, but unlike inmates in general population, he was offered no training and provided "[l]imited to no protection." *Id.*, p. 3. He further alleges that he was required to reuse polyethylene gloves "due to the restrictions made by Soliwoda." *Id.* A year after working this assigned duty, Plaintiff was diagnosed with Herpes Simplex One (HSV-1). *Id.*

II.  Discussion

Rule 42(a) of the Federal Rules of Civil Procedure provides:

(a) If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue in the actions;

(2) consolidate the actions; or

(3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

A federal court's authority to consolidate actions involving a common question of law or fact is purely discretionary. *Watkinson v. Great Atl. & Pac. Tea Co.*, 585 F.

Supp. 879, 883 (E.D. Pa. 1984).  Regarding the exercise of this discretion, one district

court has observed:

> Consolidation is often appropriate in cases involving the same plaintiff, the same defendants, and/or identical or similar claims arising out of the same incident or a common set of facts. *See, e.g., In re Radian Sec. Litig.*, 612 F.Supp.2d 594, 597 n. 1 (E.D. Pa. 2009) (noting consolidation of two separate cases against the same defendants); *Seidman v. Am. Mobile Sys., Inc.*, 157 F.R.D. 354, 359 (E.D. Pa. 1994) (explaining that the court had consolidated two related cases, filed by the same plaintiff against different defendants, "to keep all defendants on the same litigation track"); *Kenworthy v. Hargrove*, 826 F.Supp. 138, 139 n. 1 (E.D. Pa. 1993) (noting the consolidation of two section 1983 cases arising out of the same incident), *aff'd*, 855 F.Supp. 101 (E.D. Pa. 1994); *Glaziers & Glassworkers Union Local 252 Annuity Fund v. Newbridge Sec., Inc.*, 823 F.Supp. 1185, 1186 (E.D. Pa. 1992), on reconsideration in part, 823 F.Supp. 1188 (E.D. Pa. 1993) (noting that court had consolidated several cases involving different claims arising out of the same set of facts into one lead case).

*J.C. v. Ford*, 2017 WL 4155086, *1 (E.D. Pa. 2017)

Here consolidation is appropriate as both actions involve the same plaintiff and

overlapping defendants.  Consolidation ensures that all claims against a defendant are

addressed in a single proceeding, preventing inconsistent rulings and duplicative

motions.  The claims in both cases arise from Plaintiff's incarceration at SCI-Albion and

involve issues related to his confinement in the SNU.  Although the specific allegations

differ, the underlying factual context–conditions in the SNU and available resources to

inmates in the SNU as opposed to general population–overlap substantially.

Accordingly, Defendants' motion to consolidate cases will be GRANTED.

3

ORDER

Defendants' motion to consolidate (ECF No. 25) is hereby GRANTED. The Clerk of Court is directed to consolidate Case No. 1:25-cv-00052 and Case No. 1:25-cv-00069 at No. 1:25-cv-00052 and mark Case No. 1:25-cv-0069 as CLOSED.

Plaintiff is hereby ORDERED to file an Amended Complaint at No. 1:25-cv-00052 that sets forth **all** claims and supporting factual allegations that he formerly asserted in Case No. 1:25-cv-00069 against Defendants Joseph Santos, Taylor Tharp, and Steven Soliwoda and **all** claims and supporting factual allegations that he formerly asserted in Case No. 1:25-cv-00052 against Defendant Soliwoda and SCI-Albion. The Amended Complaint must include all allegations and claims that Plaintiff intends to assert against Defendants Santos, Tharp, Soliwoda, and SCI-Albion. Plaintiff's Amended Complaint should allege facts demonstrating how **each individual Defendant** was involved in the deprivation of his civil rights. Plaintiff's Amended Complaint is due by **May 18, 2026**.

SO ORDERED, this 28th day of April, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE

4